# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

|  |  |
|---|---|
| Sandrena Rebecca Carter | Case No. ___03:19-cv-00520___ |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | |
| TrueCore Behavioral Solutions, LLC | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## Amended COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sandrena Rebecca Carter |
| Street Address | 229 Eagles Landing Drive, Apt. 104 |
| City and County | Cookville, Putnam |
| State and Zip Code | Tennessee, 38501 |
| Telephone Number | 609.922.0053 |
| E-mail Address | sandrenac@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Steven C. Tomlin |
| Job or Title *(if known)* | President & Chief Executive Officer |
| Street Address | 3109 W. Dr. Martin Luther King Jr. Blvd., Suite 650 |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Florida, 33607 |
| Telephone Number | 813.514.6275 |
| E-mail Address *(if known)* | steven.tomlin@truecorebehavioral.com |

Defendant No. 2

| | |
|---|---|
| Name | Alison Scott |
| Job or Title *(if known)* | Clinical Director |
| Street Address | 279 Stewart's Ferry Pike |
| City and County | Nashville, Davidson |
| State and Zip Code | Tennessee, 37214 |
| Telephone Number | 615.921.9310 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | TrueCore - Stone River Academy |
| Street Address | 279 Stewart's Ferry Pike |
| City and County | Nashville, Davidson |
| State and Zip Code | Tennessee, 37214 |
| Telephone Number | 615.921.9310 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Other federal law *(specify the federal law)*:

☐      Relevant state law *(specify, if known)*:

☐      Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s)

June 5, 2017 thru September 18, 2017

C.      I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.      Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☒ gender/sex      I am a gay female     .
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.      The facts of my case are as follows. Attach additional pages if needed.

State of Claim, Attachment #1

I began my employment as a Therapist at Stones River Academy on May 8, 2017. During my tenure I reported directly to Alison Scott, Clinical Director. Ms. Scott, in turn, reported to Mr. James Smith, Facility Administrator, then to Mr. Daniels at the time of my termination.

After completing orientation and on the job training, I was scheduled to begin working independently on June 5, 2017.

**Claim #1.** On June 5, 2017, I met with Alison Scott, Clinical Director because I had not received proper accommodation to effectively perform my responsibilities as a Therapist. I did not have an office, a computer, and a Caseload.

During the aforementioned meeting to address my concerns, Ms.Scott immediately invalidated my concerns; and made remarks to me about the shirt I wore, and then guestioned if "it was considered versatile, could a man or women wear it, to which she also added, do I always wear my hair short/faded?" I was surprised by the sudden focus and questioning about my attire and hair, I asked Ms. Scott why the inquiry? Ms. Scott, in turn, paused for a moment and then relegated me to utilize the printing room for my office.

By June 9, 2017, I was assisted by Ms. Tiffany, Case Management Director with having the assigned Therapist office, and assisted by Ms. Artis, Principle with a computer.

From this point on, and moving forward even though Ms. Scott was aware of the fact that I had just received an office and computer, she began to unjustly and harshly demand various clinical documentation.

It became immediately clear to me that her actions towards me were discriminate and retaliatory.

**Claim #2.** On July 10, 2017, Ms. Linda Odom, Security informed me that Mr. Smith, Facility Administrator was going to meet with me. During said meeting, Ms. Scott, Clinical Director was also present. Mr. Smith began the discussion, Ms. Scott in turn read and presented me with a Staff Coaching/Review Form. I strongly disagreed with the contents on the form. After Mr. Smith presented me with the alternative of possible termination, I signed the Staff Coaching/Review Form under duress. I then informed Mr. Smith, that on June 5, 2017, when I was to begin working independently, I didn't have an office or computer. This included receiving no assistance from Ms. Scott. I also informed Mr. Smith that it was Ms. Tiffany, Case Management Director that assisted me with getting the Therapist Office after speaking with Ms. Scott, and that Ms. Artis, Principal provided me a computer.

By the end of this meeting, Mr. Smith had his Administrative Assistance give me an Employee Problem Solving (EPS) Form to complete and return to Sarah Haggard, Human Resources Manager.

**Claim #3.** On July 13, 2017, I submitted my Employee Problem Solving (EPS) Form to Sarah Haggard, Human Resource Manager per policy. Ms. Haggard in turn gave me a copy. From this day forward, I never received a response for Management or Administration.

As Ms. Scott's egregious behavior towards me continued and her abusive oversight of me for completion and submission of documentation, I made several attempts to advise Mr. Smith, Facility Administrator and Mr. Green, Regional Director to no avail.

On July 20, 2017, Mr. Smith left his position as Facility Administrator for Stone's River Academy.

**Claim #4.** On August 9, 2017 is accordance with Corporate Policy, Employee Performance Reviews, Alison Scott, Clinical Director failed to conduct my performance evaluation. During my tenure, I never received a performance evaluation.

**Claim #5.** On August 23, 2017, Alison Scott, Clinical Director requested to meet with me, and presented me with a Record of Written Warning. Not in agreement with its contents, I signed "under duress", and requested to meet with Ms. Robbie, to no avail. During this time, Ms. Robbin Berry was serving as the Interim Facility Administrator.

**Claim #6.** On September 6, 2017, I requested to meet with Mr. Daniels, Facility Administrator, who had succeeded Mr. Smith on August 17, 2017, and Ms. Robbie Barry, Compliance Coordinator. During this meeting, I informed Mr. Daniels and Ms. Berry that Alison, Scott, Clinical Director has been discriminating and harassing me since the early months of my employment because I was gay. I also discussed having the meeting with Mr. Smith and Ms. Scott on July 10, 2017, to include submitting my Employee Problem Solving (EPS) Form to Sarah Haggard, Human Resouces Manger on July 13, 2017, with my concerns and complaints about Ms. Scott, Clinical Director. Mr. Daniels and Ms. Berry then informed me that both would look into the matter, and that both would prefer to keep this in house.

**Claim #7.** On September 18, 2017, I Sandrena R. Carter was unjustly terminated.

On September 18, 2017, I was terminated unjustly. According to my TrueCore Behavioral Solutions, LLC Employee Separation Report, TrueCore alleged that my termination was due to "repeatedly failing to meet documentation deadlines".

During my employment from June 5, 2017 thru September 18, 2017 I was subjected to discrimination, multiple instances of harassment, and retaliation by my immediate supervisor Alison Scott, Clinical Director.

Prior to my termination, on July 13, 2017, I had submitted my G4S Youth Services, LLC Employee Problem Solving (EPS) Form to Sarah Haggard, Human Resource Manager. Please see attachment #2.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

February 15, 2018

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*   3/23/2019   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The facts of my case are as follows. Attachment #2.

The intent of submitting this form was to advise Management and Administration of the constant duress I was forced to work under. Please be advised that neither of these entities responded to my concerns and complaints about the aforementioned.

Whereas TrueCore's proffered reason(s) are merely pretext for retaliation, in that, prior to September 18, 2017 per Corporate Policies, and within the context of at-will employment in the state of Tennessee, TrueCore had every opportunity to end my employment.

Also on August 9, 2017 up until my date of termination, Alison Scott failed to follow Corporate Policy, EMPLOYEE PERFORMANCE REVIEWS (Refer to HR policy 3-07), attached. In accordance with said policy, Alison Scott, Clinical Director was to perform a 90 day employee performance evaluation with me after my initial 90 days in my position as Therapist.

I'm convinced that my termination was due to me complaining about being discriminated against, and the harassement I endured by my supervisor in my Employee Problem Solving (EPS) Form dated July 13, 2017.

Plaintiff prays for the following relief:
1. Compensatory and punitive damages
2. For general damages for past, present, and future pain and suffering
3. For interest at the statutory rate; and
4. For such other and future relief as this court deems just and equitable
5. I will consider mediation

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12 July 2019

Signature of Plaintiff _Sandrena Rebecca Carter_

Printed Name of Plaintiff _Sandrena Rebecca Carter_

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____