IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SANDRENA REBECCA CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-00520 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| TRUECORE BEHAVIORAL | ) | |
| SOLUTIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | | |

## <u>MEMORANDUM OPINION & ORDER</u>

On October 10, 2019, Magistrate Judge Frensley issued a Report and Recommendation ("R&R") (Doc. No. 26), recommending that the Court grant Defendant TrueCore Behavioral Solutions, LLC's Motion to Dismiss[1] (Doc. No. 11). Plaintiff filed timely Objections (Doc. No. 30).[2] For the following reasons, the Magistrate Judge's R&R is **ADOPTED in part and MODIFIED in part.**

---

[1] The Amended Complaint (Doc. No. 8), filed July 12, 2019, names three Defendants (1) TrueCore Behavioral Solutions, LLC; (2) Alison Scott; and (3) Steven Tomlin. (Doc. No. 8). Alison Scott and Steven Tomlin have not been served; only the one served Defendant, TrueCore Behavioral Solutions, LLC has moved to dismiss this action. (Doc. No. 11). Therefore, although the Court will discuss the liability of the individually named Defendants, the Court will refer to the movant as "Defendant" in the singular, rather than the plural.

[2] Plaintiff filed her objections to the Magistrate Judge's R&R on October 24, 2019, the day her objections were due. (Doc. No. 27). Four days later, Plaintiff requested an extension of time to file objections and asserted that her initial objections were submitted "prematurely" in order to comply with the Court's Local Rules. (Doc. No. 28). The Court granted Plaintiff's motion for extension of time. (Doc. No. 29). On November 13, 2019, Plaintiff filed a second objection to the Magistrate Judge's R&R that is substantially similar to her initially filed objections, but with additional language and argument. (Doc. No. 30). The Court recites all of this to note that Plaintiff's objections filed at Doc. No. 30 are the operative objections in this case, and the objections on which the Court will rely, because Plaintiff's initially filed objections (Doc. No. 29) do not raise any argument that is not raised in her second filed objection.

## I. Background

The Court approves and adopts the background section as stated in the Magistrate Judge's R&R. (Doc. No. 26 at 1-4).

## II. Standard of Review

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*. at 151.

## III. The Report and Recommendation

The Magistrate Judge recommended granting Defendant's Motion to Dismiss because the Sixth Circuit has held that "sexual orientation discrimination is not discrimination based on sex as that term is defined in Title VII jurisprudence." (Doc. No. 26 at 8). Thus, the Magistrate Judge explained, Plaintiff's claims of discrimination, harassment, and retaliation fail as a matter of law because "[m]embership in a protected class is an element of a *prima facie* case of discrimination and harassment, and is necessary for a claim of retaliation because, if Title VII does not encompass

discrimination based on sexual orientation, a complaint of sexual harassment based on sexual orientation cannot constitute protected activity for purposes of a retaliation claim." (*Id.* (citing *Gilbert v. Country Music Ass'n, Inc.*, 432 F. App'x 516, 520 (6th Cir. 2011)). Further, the Magistrate Judge recommended dismissing Steven Tomlin from the suit on the additional basis that "Title VII does not allow for individual liability[.]"[3] (Doc. No. 26 at 10).

**IV. Plaintiff's Objections**

Plaintiff asserts a variety of objections to the R&R, which can be categorized into four general categories (1) the Magistrate Judge erred in considering Defendant's motion to dismiss because Defendant did not comply with Federal Rule of Civil Procedure 7(a); (2) the Magistrate Judge erred in determining that Plaintiff is asserting a claim of sexual orientation discrimination and, according to Plaintiff, she is actually asserting a retaliation claim that should not be dismissed because it is not related to sexual discrimination; (3) the Magistrate Judge erred in holding that the individually named Defendants are not be liable under Title VII; and (4) the Magistrate Judge's recitation of law is "new argument that was not made in the Defendant's motion." (Doc. No. 30).

**V. Analysis**

**1. Federal Rule of Civil Procedure 7(a)**

Plaintiff's first objection is a procedural one. She asserts that Federal Rule of Civil Procedure 7(a) required Defendant to file an answer to her complaint and Defendant "failed to 'answer to Plaintiff's Responses' for reasons(s) unknown." (Doc. No. 30 at 3-4). Therefore, "she was not afforded fair notice" when the Magistrate Judge recommended dismissal of her Amended Complaint. (Doc. No. 30 at 5).

---

[3] In the Court's initial review of this action brought in forma pauperis pursuant to 28 U.S.C. § 1915(e) (Doc. No. 6), the Court dismissed all claims asserted against Alison Scott on this same basis. Plaintiff then filed an amended complaint that asserted claims against Steven C. Tomlin. (Doc. No. 8)

Plaintiff correctly notes that Rule 7 provides that only certain pleadings are allowed. But Rule 12 permits the filing of a motion to dismiss the complaint based on certain enumerated defenses.[4] Fed. R. Civ. P. 12(b) ("a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted."). In fact, Rule 12 *requires* that any motion to dismiss based on these enumerated defenses, including failure to state a claim upon which relief can be granted (the defense Defendant asserts here), be filed *before* an answer is filed. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [the enumerated defenses] *must* be made before pleading [(*i.e.*, filing an answer)] if a responsive pleading is allowed." (emphasis added)).[5] In other words, a defendant may raise the defense of failure to state a cognizable claim in a *pre-answer motion* rather than in an answer. Therefore, Defendant's motion complies with the Federal Rules of Civil Procedure and the Magistrate Judge did not err in considering the motion. Accordingly, the Court rejects this objection.

## 2. Retaliation Claim

Plaintiff argues that the Magistrate Judge's R&R should be disregarded because "she [Plaintiff] never claimed in the Complaint or Amended Complaint . . . that her termination from TrueCore Behavioral Solutions, LLC was motivated by sex discrimination." (Doc. No. 30 at 6).[6] Plaintiff asserts that Defendant attempts "to change the framework of Plaintiff's lawsuit to one of

---

[4] Namely, those defenses are: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(1)-(7).

[5] Plaintiff also argues that Defendant's Motion to Dismiss "does not comply with the Tennessee Rules of Civil Procedure" and therefore, the motion is "procedurally deficient." (Doc. No. 30 at 12-13). The Court rejects Plaintiff's argument, because in federal court the *Federal* Rules of Civil Procedure apply.

[6] *See also* Doc. No. 30 at 11 ("Plaintiff reiterates she is not claiming this suit is about sexual discrimination" and she "had a fundamental misunderstanding" when she checked the discrimination box on her *pro se* complaint in response to: "the discriminatory conduct of which I complain in this action includes"); *Id.* at 11-12 ("Plaintiff argues that Defendant [] has only focused on 'because of my sexual orientation', and has failed to investigate the plaintiffs' Employee Problem Solving [EPS] Form dated July 13, 2017 in entirety. Plaintiff asserts that, in accordance with Title VII [] employers are legally mandated to investigate harassment, discrimination, retaliation complaints.").

sexual orientation and/or sexual discrimination which is not covered under Title VII." (Doc. No. 30 at 19). Instead, Plaintiff claims that she was terminated "as a result of her making internal concerns/complaints to Human Resources as described in her Employee Problem Solving (EPS) Form dated July 13, 2017, and her unwillingness to participate in or remain silent about these illegal acts" and therefore, "the discriminatory conduct of which [P]laintiff complain[s] in this action is 'retaliation.'" (Doc. No. 30 at 6, 19-20). Plaintiff attempts to divorce her allegations of sexual orientation discrimination from her retaliation claim in a purported attempt to save her retaliation claim from dismissal. Plaintiff's efforts are to no avail.[7]

Significantly, Plaintiff must allege some type of activity that is protected by Title VII in order to assert a Title VII retaliation claim. An employee cannot successfully sue her employer merely because she believes that her employer has retaliated against her for lodging a complaint of some sort. For her to obtain relief from the courts, there must be a federal or state statute that gives a plaintiff a right to assert a cause of action under the particular circumstances involved. Here, Plaintiff brought her retaliation claim under Title VII. Therefore, Plaintiff must have been participating in protected activity as defined by Title VII, or else she has no valid Title VII retaliation claim. *See Underwood v. Dynamic, SEC Inc.*, No. 3:18-cv-00017, 2018 WL 3029257, at *3 (E.D. Tenn. June 18, 2018) ("[B]ecause Title VII does not encompass discrimination based on sexual orientation, a complaint of sexual harassment based on sexual orientation cannot constitute protected activity for purposes of a retaliation claim."); *Giwa v. City of Peoria, Ill.*, 917

---

[7] Despite Plaintiff's argument that she did not allege sexual orientation discrimination, a review of the allegations in Plaintiff's Amended Complaint clearly demonstrate that the basis of Plaintiff's claims is that she was discriminated against based on her sexual orientation. In fact, Plaintiff indicates in the Amended Complaint that she was discriminated against because "[she] is a gay female." (Doc. No. 8 at 4). Therefore, the Court finds that in the R&R, the Magistrate Judge correctly considered and analyzed Plaintiff's discrimination claim. Nevertheless, to the extent Plaintiff now contends that never intended to bring such a claim, the Court sees no harm in adopting the Magistrate Judge's R&R that recommends dismissal of a discrimination claim that she contends she never intended to bring; that is, even if (and indeed especially if) Plaintiff did not intend to bring a claim of sexual orientation discrimination, Plaintiff is not prejudiced by the dismissal of such claim.

F. Supp. 2d 850, 873 (C.D. Ill. 2013) ("Retaliation as a cause of action must be based on protected activity, such as complaining about discrimination or threatening to file a charge of discrimination."). There is simply no other alleged conduct in the Amended Complaint, besides sexual orientation discrimination, that could *possibly* be construed as activity that may be protected by Title VII. Accordingly, Plaintiff's attempts to disavow her allegations of sexual orientation discrimination do not bolster her argument that her Title VII retaliation claim should survive; such disavowal in fact leaves her in the worst possible situation, by leaving her without anything at all in which to even try to assert a Title VII retaliation claim.

Instead of accepting this disavowal, which if anything disfavors Plaintiff, the Court will construe her Amended Complaint in her favor (as is required given her *pro se* status) as including what it clearly does include: an assertion that she engaged in protected activity by lodging a complaint with her employer about discrimination on the basis of sexual orientation. However, Plaintiff's allegations of sexual orientation discrimination do not save Plaintiff's Title VII retaliation claim from dismissal either, because as the Magistrate Judge explained in the R&R, the Sixth Circuit has held that Title VII does not cover discrimination based on sexual orientation. (Doc. No. 8-10 (citing *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006)). The Magistrate Judge further explained that "[m]embership in a protected class . . . is necessary for a claim of retaliation because, if Title VII does not encompass discrimination based on sexual orientation, a complaint of sexual harassment based on sexual orientation cannot constitute protected activity for purposes of a retaliation claim." (*Id*. at 8 (citing *Gilbert v. Country Music Ass'n, Inc.,* 432 F. App'x 516, 520 (6th Cir. 2011) ("because the conduct Gilbert opposed was not an 'unlawful employment practice,' 42 U.S.C. S 2000e-3(a), his retaliation claims must also fail.")). The Court agrees with the Magistrate Judge that Plaintiff's Title VII retaliation claim fails

as a matter of law because her internal complaints were not based on any conduct that is protected by Title VII, and such protected activity is necessary for her to sustain a Title VII retaliation claim. Thus, upon *de novo* review, the Court finds the Magistrate Judge did not err in concluding that Plaintiff's retaliation claim must be dismissed.

### 3. Individually Named Defendants

Plaintiff objects to the Magistrate Judge's finding that she cannot maintain any Title VII claims against Alison Scott, her supervisor. (Doc. No. 30 at 7-8). In support of her objection, Plaintiff cites a Tenth Circuit case stating that an "individual qualifies as an 'employer' under Title VII if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment." *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir. 1989)).

As an initial matter, this Court dismissed Alison Scott as a defendant upon its initial review pursuant to 28 U.S.C. § 1915(e), because Plaintiff's Title VII claim asserted against Alison Scott failed to state a claim upon which relief could be granted. (Doc. No. 6). Plaintiff has not filed a motion to reconsider that Order and this alone is a basis for rejecting Plaintiff's objection. Nevertheless, the Court stands by its conclusion that Plaintiff cannot bring a Title VII claim against Alison Scott, because (regardless of what the Tenth Circuit has stated) the Sixth Circuit has clearly explained "[a]n individual cannot be held personally liable for violations of Title VII[,]" *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997)), and Plaintiff has not otherwise alleged that Alison Scott qualifies as her "employer."[8]

---

[8] Plaintiff has brought similar Title VII claims against individual employees of a different employer, and this Court dismissed those claims on the same basis. *See Carter v. Youth Opportunity Invs., LLC*, No. 3:19-CV-0177, 2019 WL 1491739, at *2 (M.D. Tenn. Apr. 4, 2019) (Trauger, J.) ("Because the plaintiff fails to allege that the individual

Further, the Magistrate Judge recommends dismissing Steven Tomlin "for the same reasons the Court previously dismissed the claims against Alison Scott." (Doc. No. 26 at 10). The Court agrees that Steven Tomlin should be dismissed from this action for these reasons. However, the Court does not believe that the proper vehicle in which to do so is Defendant TrueCore's Motion to Dismiss, because Steven Tomlin has not been served in this action and is therefore not a party to the motion. Instead, the Court will dismiss Plaintiff's claims against Steven Tomlin pursuant to its 28 U.S.C. § 1915(e) initial review of the Amended Complaint brought in forma pauperis. Plaintiff did not name Steven Tomlin as a defendant in her Complaint (Doc. No. 1), but did name him as a defendant in her Amended Complaint (Doc. No. 8) which was filed *after* this Court's initial review of the Complaint pursuant to 28 U.S.C. § 1915(e).[9] Pursuant to 28 U.S.C § 1915(e)(2)(B), the Court "shall dismiss" actions brought in forma pauperis "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" The Court concludes that the Amended Complaint fails to state a claim against Steven Tomlin for the above-stated reasons. Therefore, pursuant to such review, the claims against Steven Tomlin are hereby dismissed.

---

defendants named in the Complaint qualify as her "employer," the claims against [the individual defendants] will be dismissed for failure to state a claim for which relief may be granted.").

[9] Plaintiff objects to the Magistrate Judge's statement that Plaintiff's Amended Complaint (Doc No. 8) listed Alison Scott as a defendant even though the Court (in Doc. No. 6) had already dismissed Scott; according to Plaintiff, Scott was omitted from the Amended Complaint. (Doc No. 30 at 8). Plaintiff also disputes the Magistrate Judge's assertion that Steven Tomlin was "added" as a defendant to the Amended Complaint because, according to Plaintiff, Tomlin was included on the Complaint. (*Id.* at 5). The Court has reviewed both Plaintiff's Complaint, which plainly does not list Steven Tomlin as a defendant, and Plaintiff's Amended Complaint, which clearly lists Alison Scott as "Defendant No. 2." (Doc. No. 1; Doc. No. 8). These objections are patently frivolous and overruled with the greatest of ease.

**4. "New Argument"**

The final category involves Plaintiff's numerous objections to the R&R's language as "new argument that wasn't made in the Defendant's Motion." (Doc. No. 30 at 14-16, 18-19). All of these assertions are in response the Magistrate Judge's recitation of the Rule 12(b)(6) standard, or elements of Plaintiff's claims. (*Id*.). The Magistrate Judge's explanation of law is not "new argument" that Defendant failed to raise, but instead merely part of the Magistrate Judge's analysis of Defendant's motion. Accordingly, the Court rejects Plaintiff's objections.

**VI. Conclusion**

For the aforementioned reasons, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 26) with the modifications indicated above. Defendant's Motion to Dismiss (Doc. No. 14) is hereby **GRANTED**. Additionally, Steven Tomlin is **DISMISSED** pursuant to this Court's 28 U.S.C. § 1915(e) initial review of the Amended Complaint. The Clerk is directed to close the case.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE